PIERCE, Judge.
Appellant Tampa Coca-Cola Bottling Company, a Florida Corporation, appeals to this Court from a final judgment entered by the Hillsborough County Circuit Court in a case wherein the company challenged an ad valorem tax assessment on its real property for the taxable year of 1967.
The issues were duly made up and after extensive taking of testimony and introduction of numerous exhibits, encompassing 7 volumes of the record, all taken before the able Chancellor personally, the Court entered a most lucid final judgment which finds ample support in the evidence adduced and which we felt we cannot improve upon. We therefore adopt the pertinent portions thereof, as follows:
“1. The Plaintiff is the owner of a certain irregularly shaped parcel of real property consisting of approximately 10.64 acres, together with the improvements thereon, situated in the City of Tampa, Hillsborough County, Florida, as more particularly described in the complaint. The property abuts Ybor Channel on the East; 13th Street on the West; and York Street on the North; and the improvements on the site consist primarily of a manufacturing plant wherein the Plaintiff formulates and bottles soft drinks and beverages.
*54 2. For the year 1967, the Defendant Tax Assessor placed an assessed valuation upon the property in the total amount of $971,200.00 consisting' of building or improvement value in the amount of $306,-800.00 and land value in the amount of $664,400.00. The plaintiff duly exhausted its administrative remedies by protesting such assessment before the Board of County Commissioners sitting as a Board of Equalization, and upon the filing of this suit seeking a declaratory judgment invalidating such assessment. Plaintiff paid into the registry of the Court the sum of $20,361.34 being the amount of tax which the Plaintiff alleged to be the maximum amount legally due for 1967. Accordingly, the Court has jurisdiction of the subject matter of this cause and of the parties hereto.
3. No issue was raised concerning the assessed value of Plaintiff’s buildings or improvements in the amount of $306,800.-00. The sole issue presented by the pleadings was the legality of the assessed value placed upon the Plaintiff’s land in the amount of $664,400.00. The complaint alleged that the just value of such land was not more than $185,000.00, but during pretrial conference the Plaintiff contended that such land value should be $238,000.00 and the complaint was deemed amended to that extent.
4. Additionally, during the pre-trial conference, counsel for the Defendant Tax Assessor stipulated that a mathematical error had been made in computing the assessed valuation upon the land in the amount of $664,400.00, which error was attributable in part to the fact that the dimensions of the parcel as contained in the legal description given on Plaintiff’s deed (and on the tax roll) are larger than the actual dimensions of the parcel as established by a survey which was admitted in evidence. The Tax Assessor accordingly contended that the correct assessment of the land should be $448,730.00; that such amount constitutes the just value of the land for 1967; and that the Plaintiff was not entitled to any relief other than a reduction in the land value to that amount.
5.The ultimate issue thus presented was whether the sum of $448,730.00 constitutes an excessive and illegal assessment upon Plaintiff’s land for 1967.
6. The making of assessed valuations upon individual properties by the Tax Assessor for purposes of ad valorem taxation is an administrative act for which the assessor is politically responsible to the people of the county. This being so, and inasmuch as value is necessarily a matter of .judgment and opinion, Tax Assessors are and always have been legally accorded a wide discretion in the valuation of property for tax purposes. Their good faith is presumed and their assessments when made in the manner provided by law are accepted as prima facie correct so that the same will not be disturbed by the courts unless there is a clear and positive showing of arbitrary action, or intentional discrimination resulting in such manifest and gross inequality as to amount to a fraud upon the taxpayer. Stated another way, the taxpayer’s complaint and proof must make a complete case for equitable relief by excluding every reasonable hypothesis of a legal assessment against him. E. g., City of Tampa vs. Palmer, 89 Fla. 514, 105 So. 115 (1925); Harbond, Inc. vs. Anderson, 134 So.2d 816 (Fla.App.2d Dist.1961); Florida East Coast Railway Company vs. Green, 178 So.2d 355 (Fla.App.1st Dist.1965), and other authorities cited in those decisions.
7. The disputed assessment in the instant case was made by the Defendant Tax Assessor with the aid and assistance of Hunnicutt & Associates, Inc., as a part of a mass reappraisal of all the real and tangible personal property in Hillsborough County for purposes of the 1967 tax rolls. See, Dickinson vs. Geraci, 190 So.2d 368 (Fla.App.2d Dist.1966). Such mass reappraisal program was necessitated by the decision of the Supreme Court of Florida in Walter vs. Schuler, 176 So.2d 81 (Fla. *55 1965), and the court finds that in arriving at the unit measurements of value utilized in calculating the assessed value of Plaintiff’s land, the Defendant Tax Assessor followed and considered the principles announced in Walter vs. Schuler, supra, and the factors enumerated in Florida Statutes 193.021 (1967), F.S.A.[1]
8. The Tax Assessor’s corrected land assessment of $448,730.00 constitutes a value of 96.7‡ per square foot as a unit measurement of value, and while the expert witnesses who testified on behalf of the Plaintiff each gave an opinion of value which was less than the assessment, their opinions as to the value of the land per square foot were within a reasonable tolerance in relation to the Tax Assessor’s value of 96.7^ per square foot. One of such experts admitted that the land, in his opinion, could have a value of as much as $1.00 per square foot; and the Tax Assessor and an expert witness called on his behalf each testified that in their opinion the corrected assessment of $448,-730.00 was the just value of the property and constituted a fair and equal assessment.
9. The Court finds, therefore, that the Tax Assessor’s corrected land value in the amount of $448,730.00 is a lawful assessment of Plaintiff’s land for 1967, and that the Plaintiff has failed to prove such an abuse of discretion (or otherwise sustain its burden of proof under the law described in paragraph 6 above) as would entitle it to equitable relief with respect to said assessment. However, since the land value actually assigned to the parcel on the 1967 tax roll was $664,400.00, as hereinabove explained, resulting in a total assessment of $971,200.00 (building value of $306,800.00 plus land value of $664,400.00), the Plaintiff is entitled to relief to the extent that said assessment exceeds $755,530.00 (building value of $306,800.00 plus land value of $448,730.00).”
The Court thereupon ordered and adjudged as follows:
“(a) That the total and lawful assessed value of Plaintiff’s real property for 1967 is hereby determined and adjudged to be the sum of $755,530.00;
(b) That the tax due upon such assessment, after applying the applicable 1967 millage rate, is the sum of $32,031.69;
(c) That the plaintiff paid the sum of $20,361.34 into the registry of the Court upon institution of this suit and is entitled to a 4% discount for such payment according to law, which discount, when added as a credit to the amount in the registry of the Court, entitles the Plaintiff to a total credit in the amount of $21,209.73; that after applying such credit against the total tax as aforesaid, the balance of the tax due is the sum of $10,821.96 to which .should be added the interest charge prescribed by Florida Statute 193.51, F.S.A. in the amount of *56 $1,190.42 and the Clerk’s fee prescribed by Florida Statute 28.24, F.S.A. in the amount of $104.30, making a total due from the Plaintiff to the Defendant Tax Collector of $12,116.68;
(d) That the Clerk of this Court be, and he is hereby authorized and directed to forthwith disburse to the Defendant Tax Collector out of the registry of the Court the sum of $20,257.04 (the amount paid in by the Plaintiff less the Clerk’s fee as aforesaid); that the Plaintiff shall forthwith pay to the Defendant Tax Collector the sum of $12,116.68; and that the Defendant Tax Collector shall thereupon issue to the Plaintiff a paid tax receipt pertaining to the subject property for 1967.”
The case was ably prosecuted and defended by eminent counsel in the trial Court and the Chancellor entered a final judgment that is a model for clarity and perspicuity. We therefore affirm.
HOBSON, C. J., and McNULTY, J., concur.

. § 193.021 provides:
The county assessor of taxes of the several counties shall assess all the real and personal property in said counties in such a manner as to secure a just valuation as required by Section 1, Article IX of the state constitution. In arriving at a just valuation, the county assessors of taxes of the several counties shall take into consideration the following factors:
(1) The present cash value of the property;
(2) The highest and best use to which the property can be expected to be put in the immediate future; and the present use of the property;
(3) The location of said property;
(4) The quantity or size of said property;
(5) The cost of said property and the present replacement value of any improvements thereon;
(6) The condition of said property;
(7) The income from said property; ■ and
(8) The net proceeds of the sale of the property, as received by the seller, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing.*

 Subsection (8) was passed in 1967 and was not effective as to the 1967' tax year.