272 So.2d 534 (1972)
EXCHANGE REALTY CORPORATION, a Florida Corporation, and the Exchange National Bank of Tampa, a National Banking Corporation, Appellants,
v.
HILLSBOROUGH COUNTY, Florida, et al., Appellees.
No. 71-86.
District Court of Appeal of Florida, Second District.
December 1, 1972.
Rehearing Denied February 21, 1973.
*535 C. Lawrence Stagg, of Holland & Knight, Tampa, for appellants.
Wm. Terrell Hodges, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee, R.R. Walden.
HOBSON, Acting Chief Judge.
Appellants sought a declaratory decree in the trial court attacking ad valorem tax assessments as being illegal, unequal and invalid and praying for injunctive relief requiring reduction of the assessments. The trial court sitting without a jury dismissed the complaint and supplemental complaint and required the appellants to pay taxes based upon the contested assessments. From this final judgment appellants appeal, contending that: (1) the assessments were in excess of fair market value; (2) were assessed at a substantially greater proportion of its value than other comparable properties in the county and that (3) the assessor failed to consider the income produced by the property.
As to appellants' contentions (1) and (2), it is well settled that the tax assessor is accorded a wide discretion in fixing a valuation on property for tax purposes and courts will not disturb such assessed valuations unless there is a clear and positive showing of arbitrary action or intentional discrimination that results in a manifest and gross inequality as to amount in law to a fraud.
In Powell v. Kelly, 223 So.2d 305 (Fla. 1969) it was held:
"The fixing of a valuation on property by a tax assessor for the purpose of taxation is an administrative act involving the exercise of administrative discretion, and the Court will not in general control that discretion unless it is illegally or fraudulently exercised or exerted in such manner or under such circumstances as will amount, in law to a fraud. A situation might be presented for judicial interference where specific assessment is so obviously and flagrantly excessive as to impute clearly to the assessor an intention to discriminate arbitrarily against the taxpayer; or where there appears prejudicial or material error in matter of law, independent of the exercise of a discretion as to value."
In Tampa Coca-Cola Bottling Company v. Walden, 230 So.2d 52 (Fla.App. 1969), Judge Pierce of this Court so ably stated the law as follows:
"The making of assessed valuations upon individual properties by the Tax Assessor for purposes of ad valorem taxation is an administrative act for which the assessor is politically responsible to the people of the county. This being so, and inasmuch as value is necessarily a matter of judgment and opinion, Tax Assessors are and always have been legally accorded a wide discretion in the *536 valuation of property for tax purposes. Their good faith is presumed and their assessments when made in the manner provided by law are accepted as prima facie correct so that the same will not be disturbed by the courts unless there is a clear and positive showing of arbitrary action, or intentional discrimination resulting in such manifest and gross inequality as to amount to a fraud upon the taxpayer. Stated another way, the taxpayer's complaint and proof must make a complete case for equitable relief by excluding every reasonable hypothesis of a legal assessment against him." [Citations omitted]
After a careful review of the record on appeal, we find that appellants have failed to make a clear and positive showing of arbitrary action or intentional discrimination on the part of the tax assessor which resulted in such a manifest and gross inequality as to amount to a fraud upon the appellants.
As to appellants' contention (3), Florida Statute, § 193.011, F.S.A., sets forth income from the property as one of the required criteria to be considered by a tax assessor in determining a property assessment. In the instant case the assessor admitted that he did not consider the income from the property in arriving at the assessment placed upon the property of the appellants.
In the recent case of Palm Corporation v. Homer, Fla. 1972, 261 So.2d 822, our Supreme Court held that the failure by the assessor to use the criterion of income did not satisfy legal requirements and, therefore, was not a proper assessment.
The assessor, having failed to take into consideration the criterion of income, the final judgment here is reversed and remanded.
McNULTY, J., and DAYTON, ORVILLE L., Associate Judge, (RET.), concur.